UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ALEX TINEO,

                              Plaintiff,                      **SECOND AMENDED COMPLAINT**

                -against-                                    Jury Trial

                                                                   17 CV 7910 (NRB)

P.O. JAMES HANNIGAN,
P.O. EDMUNDO RIVERA,
JOHN DOE 1,

                              Defendants.
-------------------------------------------------------------X

        Plaintiff ALEX TINEO by and through his attorneys, Vik Pawar, and Robert Blossner, Esqs., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2. The action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff is a citizen of the United States, and at all relevant times was a resident of the County of Bronx, City and State of New York.

7. Defendants James Hannigan ("Hannigan"), Edmundo Rivera ("Rivera") and John Doe are members of the NYPD and were assigned to the 52nd precinct at the time of the incident. They are sued in their individual and official capacities.

## FACTS

8. On December 3, 2016, plaintiff was a front seat passenger in a vehicle in the vicinity of Van Cortland Avenue in the Bronx.

9. Neither the driver nor plaintiff or the back-seat passenger had committed any infraction, violation or crimes.

10. Plaintiff was about to be driven to work.

11. Around 3 p.m., Defendants Hannigan, Rivera and John Doe approached the vehicle and without identifying themselves, pulled out their weapons and dragged plaintiff out of the vehicle in a violent manner and threw him to the ground.

12. Hannigan, Rivera and John Doe ("defendants") directed plaintiff to drop his pants in view of the public.

13. These defendants then searched a naked plaintiff in the public view. The

search was unreasonable and intrusive and plaintiff had to endure humiliation when these defendants grabbed his private parts while in public.

14. Defendants did not find any contraband, drugs or anything illegal on plaintiff.

15. Even though defendants did not find anything while conducting the intrusive and humiliating search in the public view for 30 minutes, they slapped handcuffs on plaintiff and dragged him to the 52nd precinct.

16. At the precinct, plaintiff was once again strip-searched by these defendants. The defendants then proceeded to draft official police paperwork and falsely charged plaintiff with various crimes.

17. These defendants then obtained the appropriate approval to forward the falsified paperwork to the District Attorney's office to commence plaintiff's prosecution on baseless charges.

18. At no time, did these defendants retract the police paperwork or inform the DA's office of the falsity of charges and thus prolonging plaintiff's prosecution.

19. Approximately 24 hours later, plaintiff was arraigned and directed to appear for subsequent court conferences.

20. Even though plaintiff had moved out of the State of New York, he was forced to incur expenses, travel and appear for court on at least five occasions. If plaintiff failed to appear, he would have bene subjected to an arrest. Plaintiff was required to appear as part of the criminal process that was commenced by the individual defendants.

21. The false charges against plaintiff that were filed without probable cause were eventually dismissed.

### AS AND FOR THE FIRST CAUSE OF ACTION
(Unlawful Seizure, Unreasonable Search, Excessive Force, Malicious Prosecution under the 4th Amendment, Due Process Clause of the 14th Amendment)

22. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

23. Plaintiff was stopped, frisked, seized and falsely arrested without probable cause by the defendants.

24. Plaintiff's rights to be free from excessive and unreasonable force were violated when he was grabbed by the defendants, thrown onto the ground, tackled and punched and kicked by the defendants.

25. Plaintiff suffered humiliation from this incident because he was searched by defendants as he stood naked in the public view. In addition, he was forced to endure another strip-search inside the precinct.

26. In addition, plaintiff's Substantive Due Process rights under the Fourteenth Amendment and post-arraignment seizure under the Fourth Amendment were violated when defendants initiated criminal proceedings against him without probable cause.

27. Defendants drafted false criminal court complaint paperwork against plaintiff and falsely charged him with various crimes. This included making false memo-book entries, drafting a false arrest report which contained false facts of the baseless arrest charges, drafting a criminal court complaint that contained false allegations of illegal

conduct which constituted the baseless charges, case-ready check-list, write-up for the DA's office and sworn affidavits.

28. The false NYPD official paperwork was then forwarded to the District Attorney's Office who continued the prosecution of plaintiff based on the false facts provided by the defendants.

29. Defendants swore in their official NYPD paperwork that plaintiff's prosecution was justified even though they knew the contents of the paperwork to be false.

30. Defendants were aware that there was no probable cause to arrest plaintiff let alone initiate criminal proceedings against him. Therefore, they acted with malice.

31. Defendants failed to retract the false charges against plaintiff and prolonged plaintiff's post-arraignment seizure and prosecution. Defendants' actions constituted malicious prosecution because they knowingly filed false and unsubstantiated charges against Plaintiff, failed to drop them, or inform the District Attorney's office of the falsity of the charges and instead pursued the charges knowing full well that the charges were not only false but trumped up, and fabricated. In addition, the individual defendants failed to show up for court hearings and unnecessarily prolonged plaintiff's liberty and violated his rights to substantive due process.

32. The criminal proceedings terminated in plaintiff's favor when the charges against him were dismissed.

33. As a result of the aforementioned conduct of all Defendants, Plaintiff's constitutional right to be free from this unlawful search and seizure and excessive force and being maliciously prosecuted were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Denial of Right to Fair Trial)

34. Plaintiff repeats, reiterates, and realleges each and every allegation in the foregoing paragraphs with the same force and effect as if fully set forth herein.

35. Defendants fabricated probable cause and detained and initiated criminal proceedings against plaintiff.

36. The false and fabricated charge denied plaintiff the right to a fair trial or a hearing at the arraignment and during repeated court appearances. Plaintiff was forced to appear in Court because of the false charges and his failure to appear would have resulted in a warrant issued for his arrest.[1]

37. The false statements by the defendants restricted plaintiff's freedom of movement because the false statements were forwarded to the District Attorney's Office which caused plaintiff to be prosecuted.

38. All charges against plaintiff were dismissed.

39. But for the false charges, that snared plaintiff over a year since his seizure and post-seizure deprivation of liberty, plaintiff would not have endured numerous court

---

[1] It is not uncommon that NYPD officers to submit falsely sworn complaints arresting and prosecuting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to initiate criminal prosecutions against individuals like plaintiff. *See Colon v. City of N.Y.*, No. 09 Civ. 8, 2009 WL 4263362, at *2 (E.D.N.Y. Nov. 25, 2009) ("Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration ... there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.").

appearances and suffer a deprivation of his rights under the Fourth, Sixth and Fourteenth Amendments to the U.S. Constitution.

40.     As a result of defendants' conduct, plaintiff suffered injuries resulting from this arrest and prosecution.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages as determined by a jury:

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
       June 18, 2018

PAWAR LAW GROUP, P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: 
Vik Pawar (VP9101)
Robert Blossner (RB0526)
*Attorneys for Plaintiff*