UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- x

ALEX TINEO,

                                Plaintiff,

                    -against-

P.O. JAMES HANNIGAN,
P.O. EDMUNDO RIVERA,
JOHN DOE 1,

                                Defendants.

-------------------------------------------------- x

<u>ANSWER TO THE SECOND AMENDED COMPLAINT</u>

<u>JURY TRIAL DEMANDED</u>

17 Civ. 7910 (NRB)

         Defendants Police Officer James Hannigan and Police Officer Edmundo Rivera, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Second Amended Complaint ("complaint"), dated June 18, 2018, respectfully allege as follows:

         1.       Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein, and that plaintiff seeks relief as stated therein.

         2.       Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

         3.       Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

         4.       Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

         5.       Paragraph "5" purports to demand a trial by jury, which requires no response.

         6.       Deny knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "6" of the complaint.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that on December 3, 2016, James Hannigan and Edmundo Rivera were employed by the City of New York as police officers, they were assigned to the 52nd Precinct, and plaintiff purports to sue them in their individual and official capacities.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint, except admit that on December 3, 2016 police observed plaintiff in a vehicle in the vicinity of Vancortlandt Avenue East in the Bronx.

9.      Deny the allegations set forth in paragraph "9" of the complaint.

10.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11.     Deny the allegations set forth in paragraph "11" of the complaint, except admit that police removed plaintiff from the vehicle.

12.     Deny the allegations set forth in paragraph "12" of the complaint.

13.     Deny the allegations set forth in paragraph "13" of the complaint.

14.     Deny the allegations set forth in paragraph "14" of the complaint.

15.     Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was handcuffed and transported to the 52nd Precinct.

16.     Deny the allegations set forth in paragraph "16" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff was strip searched at the precinct, and admit that plaintiff was arrested and charged by the District Attorney with criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree.

17.     Deny the allegations set forth in paragraph "17" of the complaint.

18.     Deny the allegations set forth in paragraph "18" of the complaint.

19.     Deny the allegations set forth in paragraph "19" of the complaint, except admit that plaintiff was held until arraignment and appeared in court following his arraignment.

20.     Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiff appeared in court following his arraignment, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's residency.  To the extent paragraph "20" sets forth conclusions of law, no response is required.

21.     Deny the allegations set forth in paragraph "21" of the complaint, except admit that the charges were dismissed.

22.     In response to the allegations set forth in paragraph "22" of the complaint, defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

23.     Deny the allegations set forth in paragraph "23" of the complaint.

24.     Deny the allegations set forth in paragraph "24" of the complaint.

25.     Deny the allegations set forth in paragraph "25" of the complaint.

26.     Deny the allegations set forth in paragraph "26" of the complaint.

27.     Deny the allegations set forth in paragraph "27" of the complaint.

28.     Deny the allegations set forth in paragraph "28" of the complaint.

29.     Deny the allegations set forth in paragraph "29" of the complaint.

30.     Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint, except admit that the charges were dismissed.  To the extent paragraph "32" sets forth conclusions of law, no response is required.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses in the previous paragraphs as if fully set forth herein.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint and footnote "1" of paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Admit the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

### FIRST AFFIRMATIVE DEFENSE

41.      The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

42.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any act of Congress providing for the protection of civil rights.

### THIRD AFFIRMATIVE DEFENSE

43.     Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of third parties and was not the proximate result of any act of defendants.

### FOURTH AFFIRMATIVE DEFENSE

44.     If plaintiff was stopped by NYPD officers, they had reasonable suspicion and/or probable cause to do so.

## FIFTH AFFIRMATIVE DEFENSE

45.     There was probable cause to arrest plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

46.     Defendants have not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are entitled to qualified immunity

**WHEREFORE**, defendants Police Officer James Hannigan and Police Officer Edmundo Rivera demand judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED:     New York, New York
                   July 9, 2018

                                                    Respectfully submitted,

                                                    ZACHARY W. CARTER, ESQ.
                                                    Corporation Counsel of the
                                                    City of New York
                                                    *Attorney for Defendants Police Officer James*
                                                    *Hannigan and Police Officer Edmundo Rivera*
                                                    100 Church Street, 3rd Floor
                                                    New York, New York  10007
                                                    Tel.: (212) 356-5044
                                                    Fax: (212) 356-1148
                                                    carko@law.nyc.gov

                                                    By:  ____/s/_____
                                                         Christopher G. Arko, Esq.

To:     Vik Pawar, Esq. *(via ECF)*
          *Attorney for Plaintiff*

17 Civ. 7910 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX TINEO,

Plaintiff,

-against-

P.O. JAMES HANNIGAN,
P.O. EDMUNDO RIVERA,
JOHN DOE 1,

Defendants.

**DEFENDANT POLICE OFFICER JAMES HANNIGAN AND EDMUNDO RIVERA'S ANSWER TO THE COMPLAINT**

**ZACHARY W. CARTER**

Corporation Counsel of the City of New York
*Attorney for Defendants Police Officer James Hannigan and Police Officer Edmundo Rivera*
100 Church Street, 3rd floor
New York, N.Y.  10007
Of Counsel: Christopher G. Arko
Tel:  (212) 356-5044

*Due and timely service is hereby admitted.*

*New York, N.Y.  ..................................., 2018 . . .*

*..................................................................... Esq.*

*Attorney for ...........................................................*